# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DWAYNE ROBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-1872 NAB |
| | ) |
| JEFF NORMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Dwayne Robison for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.33. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below the Court will dismiss this action as duplicative and for failure to state a claim. 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. The account statement shows an average monthly deposit of $11.67. The Court will therefore assess an initial partial filing fee of $2.33, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a pro se litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. He brings this action pursuant to 42 U.S.C. § 1983.

Plaintiff has filed fifteen (15) actions in this Court since May 2, 2019.[1] Many of his claims are duplicative actions against the same or similar defendants. At least nine of which have already been dismissed by this Court. The claims contained in the instant complaint are duplicative, almost exactly, of the claims brought against defendants in *Robison v. Lawson,* No.4:19-CV-2013 JCH (E.D.Mo).

---

[1] *Robison v. Ivy,* No. 4:19-CV-1180 NAB (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-1182 AGF (E.D.Mo.); *Robison v. McIntyre*, No. 4:19-CV-1870 DDN (E.D.Mo); *Robison v. Sanderson*, No. 4:19-CV1871 JMB (E.D.Mo); *Robison v. Hovis*, No. 4:19-CV-1872 NAB (E.D.Mo); *Robison v. Lawson,* No. 4:19-CV-2013 (E.D.Mo); *Robison v. Hovis,* No. 4:19CV-2292 DDN (E.D.Mo); *Robison v. Salemen,* No. 4:19-CV-2368 JCH (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-2480 SPM (E.D.Mo); *Robison v. Norman,* No. 4:19-CV-2642 AGF (E.D.Mo); *Robison v. Salsman,* No. 4:19-CV-2665 SNLJ (E.D.Mo); *Robison v. Koyn,* No. 4:19-CV-2666 SNLJ (E.D.Mo); *Robison v. Hanna,* No. 4:19-CV-3216 JCH (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-3223 RLW (E.D.Mo); *Robison v. Kopp*, No. 4:20-CV-170 JAR (E.D.Mo).

## The Amended Complaint[2]

Plaintiff's amended complaint is somewhat difficult to read and understand. From what the Court can discern, plaintiff claims he is entitled to relief because prison officials do not always deliver all of his mail. In support, plaintiff alleges he has not received mail in response to all of the mail he has sent or requested. For example, plaintiff states he is due to be released in 10 years and has sent letters to various companies requesting catalogs but he did not receive mail from all of the companies. He alleges he sends a lot of mail per month, but he does not believe he has been given all of the catalogs he has requested.

Plaintiff refers the Court to grievances he has attached to the complaint. Plaintiff asserts that he has requested catalogs from companies including Oriental Trading, Harbor Freight, Nutrition Express, and Prism Optical, but did not receive mail in response. Nowhere in the complaint does plaintiff allege he was subjected to content-based restrictions.

Plaintiff also attached to the complaint copies of the Informal Resolution Request ("IRR") he filed to complain about the non-receipt of mail, along with the responses he received to the IRR and to a Grievance and Grievance Appeal. In sum, the responses indicate that the only time plaintiff's mail was held was when he was on suicide watch from October 27 to November 11 of 2018, and that the mail was delivered upon his release. The responses also note that the mail room can only deliver mail that it receives.

As relief, plaintiff asks this Court to order the Missouri Department of Corrections to follow a specific procedure regarding his mail, and reassign a member of the mail room staff. He also seeks monetary damages.

---

[2] Plaintiff moves to amend his complaint in Docket No. 9. The Court will grant plaintiff's motion.

**Discussion**

Plaintiff's claims arise under the First Amendment, which guarantees inmates the right to send and receive mail. *Turner v. Safely,* 482 U.S. 78, 89 (1987), *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998). As noted above, to state a facially-plausible claim, a plaintiff must plead facts permitting the reasonable inference that the defendant is liable for the misconduct alleged, *Iqbal,* 556 U.S. at 678, and to raise the right to relief above the speculative level. *Twombly,* 550 U.S. at 555.

Here, having taken plaintiff's factual allegations as true, the Court concludes that plaintiff's allegations establish only that it is conceivable that prison officials did not always deliver all of his mail. Plaintiff's claims are based upon his assumption that every person and company he sends mail to will send him mail in response, and if he does not receive mail from a particular person or company, it means that prison officials engaged in misconduct. These allegations are merely speculative, and fail to nudge plaintiff's claims across the line from conceivable to plausible. Having carefully reviewed and liberally construed the complaint, the Court concludes that plaintiff has failed to state a plausible claim for relief. *See Twombly*, 550 U.S. at 555.

Even if it could be said that plaintiff's factual allegations permitted the inference that prison officials were liable for not always delivering all of his mail, plaintiff's allegations establish only sporadic disruptions that are not the result of content-based prison regulations or practices, allegations that are insufficient to support a First Amendment claim. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays and disruptions are insufficient to state a cause of action grounded upon the First Amendment"); *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999) (allegations of sporadic and short-term disruptions in mail that are not the result of a content-based prison regulation or practice do not state a First Amendment

claim); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (to state a claim under the First Amendment, a plaintiff must show a regular and unjustifiable interference with mail).

Plaintiff also references not receiving responses to mail he identifies as "legal" mail. However, he offers no allegations tending to establish he suffered an "actual injury" as required to state a plausible claim premised upon his right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996), *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Additionally, plaintiff has filed a total of 11 civil cases in this Court since May, which would tend to belie a claim that his access to the court has been thwarted. *See Brown v. Voorhies*, 2012 WL 748403, *7 (S.D. Ohio Mar. 8, 2012) ("[t]he sheer number of filings that Plaintiff has been able to muster belies his claim that access to the Court has been thwarted.").

To the extent plaintiff can be understood to claim he was wrongfully denied mail privileges during the one and one-half weeks he was held on suicide watch, such allegations do not establish a constitutionally-protected liberty interest as necessary to state a cognizable due process claim. *See Kennedy v. Blankenship,* 100 F.3d 640, 642-43 (8th Cir. 1996) (no "liberty interest" implicated by thirty days in punitive isolation that included suspension of mail privileges), *Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (a due process claim is cognizable only if the plaintiff identifies a constitutionally-protected liberty or property interest). Additionally, a prisoner's First Amendment right to send and receive mail may be limited by legitimate penological interests. *Turner*, 482 U.S. at 89. Finally, plaintiff does not allege that any named defendant was personally involved in or directly responsible for the alleged mail interference. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable

under § 1983 where the plaintiff failed to allege that a defendant was personally involved in or directly responsible for incidents that injured him).

After carefully reading and liberally construing the complaint, the Court concludes that it must be dismissed because it fails to state a claim upon which relief may be granted. Plaintiff is clear about the claims he wishes to bring, and it is apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. Plaintiff's complaint will therefore be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [Doc. #3 and #11] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #9] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.33 within twenty-one days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this __10th____ day of ____March____, 2020.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE